**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | ) | CASE NO. 3:21 CV 432 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES DEPT. JUSTICE, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Christopher Foster filed this action as a Petition for a Writ of Habeas Corpus against the United States Department of Justice. Foster is a state prisoner, incarcerated in the Toledo Correctional Institution, serving a sentence for felonious assault and having a weapon under disability imposed in 2012 by the Hamilton County Court of Common Pleas. Foster's Petition consists of generalized complaints that the State of Ohio and local prison authorities have denied him accommodations under the Americans with Disabilities Act ("ADA"), access to the courts, and medical care. He lists his extensive litigation history in this Court, and contends the state prison authorities retaliated against him. He contends the United States government breached its duty of care to him under the Code of Federal Regulations. He does not specify the relief he is requesting.

A federal court may entertain a Habeas Petition filed by a person in state custody only on the ground his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court must undertake a preliminary review of a Habeas Petition to determine whether "it plainly appears from

the face of the Petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court." If so, the Petition must be dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under § 2243).

Although Foster titles this action as a Petition for a Writ of Habeas Corpus, he is not directly challenging his state court conviction nor is he challenging his sentence. Instead, he claims Ohio prison officials have denied him access to the courts and accommodations under the ADA. He brings this action against the United States for what he terms breaches of its duty of care under sections of the Code of Federal Regulations. This is not a Petition for a Writ of Habeas Corpus, but rather a civil rights action. This Court takes notice that Foster has previously been denied *in forma pauperis* ("IFP") status under the three strikes provision of 28 U.S.C. § 1915(g). *See Foster v. Lucas Cty*, No. 3:16 CV 2168 (N.D. Ohio Nov. 17, 2016). He cannot avoid the avoid the application of §1915(g) by filing this as a habeas action.

Furthermore, Foster is in state custody, not federal custody. He has already filed two Petitions for a Writ of Habeas Corpus to challenge his 2012 Hamilton County conviction. These Petitions were consolidated into one action and dismissed on the merits. *See Foster v. Erdos,* No. 1:15 CV 713 (S.D. Ohio July 24, 2017)**.** The Sixth Circuit Court of Appeals denied his request for a certificate of appealability and further denied his motion to file a second or successive Petition. Foster cannot bypass the bar on second or successive Petitions, simply by naming the federal government as the respondent.

### III. Conclusion

For the forgoing reasons, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Date: June 24, 2021  /s/ *John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE